IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENE MARTINEZ,

    Plaintiff,

v.                                          CIV 11-0553 LFG/KBM

DEPARTMENT OF PUBLIC SAFETY,
NEW MEXICO STATE POLICE and
OFFICER NOE ALVARADO, in his
individual and official capacity,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO COMPEL (*DOC. 29*)

THIS MATTER comes before the Court on Defendants' Motion to Compel Responses to Discovery and for Sanctions and Memorandum in Support Thereof (*Doc. 29*), filed January 17, 2012, and fully briefed on February 3, 2012 (*Doc. 32*). Having reviewed the parties' submissions and relevant authorities, I find the Motion is well-taken and will be granted in part.

**I.    BACKGROUND**

This lawsuit arises out of the arrest and detention of Plaintiff on suspicion of Driving Under the Influence of Intoxicating Liquor and/or Drugs and Trespass on or about September 7, 2009. *Doc. 1-1* at ¶ 2; *Doc. 9* at ¶ 2.

The course of discovery has not run smoothly. On two occasions, I have warned counsel for Plaintiff of the dangers of not cooperating in discovery, including the ultimate sanction of dismissal of Plaintiff's claims. *Doc. 23*, *Doc. 27*. In the instant motion, Defendants contend that Plaintiff's responses continue to be inadequate. First, Plaintiff asserts objections that he has already waived. Second, Plaintiff fails to provide a privilege log that would permit counsel and the Court to assess the applicability of claims of attorney-client privilege or of work product

protection from discovery.

## II.     LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1).  The Tenth Circuit has long recognized that "the party seeking to assert the attorney-client privilege or the work produce doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Barclays-american Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).  *See also Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (holding that defendants' "failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate").

To properly withhold information from discovery on the basis of privilege, "the party must:  (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).  A privilege log "has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts." *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999) (referring to the indexing system originated in *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)).[1]

---

[1] New Mexico state courts likewise effectively require a privilege log when information is withheld from discovery on the basis of privilege.  Rule 1-026(7)(a) NMRA 2012 ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged, ..., the party shall make the claim expressly and shall describe the nature of the

**III.  DISCUSSION**

Defendants correctly point out my previous ruling that Plaintiff's boilerplate blanket objections are not valid.  *Doc. 29* at ¶ 15; *see Oleson v. K-Mart*, 175 F.R.D. 570, 571 (D. Kan. 1997) and *Tomlinson v. Combined Underwriters Life Ins. Co.*, 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'").  Moreover, Plaintiff waived any objection to the number of interrogatories and/or requests for production by unilaterally selecting those to which he would respond.  *See Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005).  Defendant also failed to provide supplemental responses in a timely manner.  Accordingly, Plaintiff shall redraft his discovery responses and respond fully without reference to waived objections.

Moving to the heart of the matter, Plaintiff must disclose the nature of the information he seeks to withhold from discovery on the basis of privilege.  For the most part, Defendants do not appear to request information that is privileged.  Neither Interrogatory No. 8 nor 9 requests privileged information; instead, they seek the identities of investigators and/or potential witnesses and dates of any interviews or investigations.  There is no request for the content of investigation reports or statements.  (*Doc. 29-4* at 5-6.)  In fact, Interrogatory Nos. 8 and 9

---

documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection").  *See also Pina v. Espinoza*, 2001-NMCA-055, ¶ 24, 130 N.M. 661, 668, 29 P.3d 1062, 1069 (requiring parties asserting privilege to provide a privilege log that identifies each withheld communication and "affirmatively demonstrate[s] an objectively reasonable basis for each assertion of privilege").

specifically limit their request to the type of information that should have been provided in a privilege log.  Therefore, both interrogatories should be answered in full.

Along the same lines, Interrogatory No. 15 seeks mostly non-privileged information concerning the existence of any written or recorded statements of specific individuals who are expressly mentioned in the Complaint.  Plaintiff should therefore produce the dates and locations of any written or recorded statements from the subject witnesses.

To the extent that Plaintiff has further information – specifically, as to the requested comparison "with regard to what field sobriety tests were performed, etc." in each case, Plaintiff must provide this information, unless it was obtained via confidential attorney-client communications.  If Plaintiff believes such a privilege exists, he *must* provide a privilege log containing enough information so that Defendants and, ultimately, the Court, can assess the applicability of the claimed privilege.  Therefore, Plaintiff must produce some basic information about his (or his agent's) communications with the individuals at issue, including the date of the conversation, the parties to the conversation, and any other relevant information that might enable the Court to assess whether privilege applies.  If, on the other hand, the requested information is not privileged but is, as the Court suspects, a matter of public record (contained perhaps in the complaints filed by these individuals), Plaintiff must provide such information to the extent it is known to him.

Finally, I find that Plaintiff's continuing failure to fully meet his discovery obligations in a timely manner can no longer be condoned.  *See Lee v. Max Int'l, L.L.C.*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("[T]hree strikes are more than enough to allow the district court to call a litigant out.").  I will therefore impose sanctions in the form of attorney fees and costs incurred in bringing this motion and, for the final time, advise Plaintiff that continued violations of the rules

or orders of this Court may lead to dismissal of the complaint with prejudice.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Compel Responses to Discovery and for Sanctions (*Doc. 29*) is **granted in part as follows:**

(1)  Plaintiff shall provide supplemental responses, removing reference to any waived objections, including but not limited to the objection that Defendants exceeded the maximum number of interrogatories permitted and any objections not made in Plaintiff's original responses served November 28, 2011;

(2)  Plaintiff must respond fully to Interrogatory Nos. 8 and 9;

(3)  To the extent Plaintiff intends to withhold information responsive to Interrogatory No. 15 on the basis of privilege, he must submit a privilege log setting forth facts sufficient to enable the Court to assess whether the privilege applies;

(4)  Plaintiff must respond fully and completely to Defendants' discovery requests as set forth in this Order no later than February 29, 2012; and

(5)  For the reasons stated above, Plaintiff shall pay to Defendants their reasonable attorney fees and costs incurred in bringing this motion.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

5