IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENE MARTINEZ,

        Plaintiff,

v.                                          CIV 11-0553 JCH/KBM

DEPARTMENT OF PUBLIC SAFETY,
NEW MEXICO STATE POLICE and
OFFICER NOE ALVARADO, in his
individual and official capacity,

        Defendants.

## ORDER ON DEFENDANTS' SECOND MOTION

THIS MATTER is before the Court on Defendants' Consolidated Second Motion to Compel Responses to Discovery and for Sanctions and Memorandum in Support *(Doc. 36)*. I find the motion is not well taken and will be denied.

Initially, I note that Defendants have not attached a complete copy of the discovery responses of which they complain. *See* D.N.M.-LR 37.1. The discovery responses at issue are Interrogatory Nos. 8, 9, and 15 and Request for Production Nos. 1 and 3, yet Exhibit 1 to Defendants' Motion appears to include only an excerpt of one answer to an unknown interrogatory and responses to RFPs 1 and 3, which merely refer the reader to Plaintiff's answer to Interrogatory No. 15.

Interrogatory No. 8 seeks the identity of any investigators hired by Plaintiff

and identification of any reports created by investigators.  Plaintiff's Answer indicates "Other than the investigation of Plaintiff's Counsel, no other investigation has been performed on Plaintiff's behalf."  *Doc. 37* at 2.  Likewise, Plaintiff indicates he has "provided copies of the only such reports that he has seen heard, or has access to, which are reports and statements initially obtained by Defendant New Mexico State Police."  *Id.*  Moreover, Plaintiff states he has provided copies to Defendants of all the reports of which he is aware.  *See id.* at 3.

As to Interrogatory No. 9, which seeks the same information requested in Interrogatory No. 8 with respect to witness interviews, Plaintiff referred Defendants to his answer to Interrogatory No. 8 because "the only interviews of witnesses of which he was aware, and the only reports of which he is aware, were made by Defendant New Mexico State Police and are in possession of Defendant New Mexico State Police."  *Doc. 37* at 3.  Plaintiff further explains that no privilege log was created because all documents were produced.  *See id.* at 4-5.

Based on the documentation and information made available to me, I find that Plaintiff's answers appear complete.  As Plaintiff states in response to Defendants' Motion, the Defendants' efforts to obtain more information is like trying "to get blood from a stone."  *Doc. 37* at 5.  Should Plaintiff seek to introduce at a future proceeding investigation reports or witness interviews which were not

produced in response to these requests, however, Defendants have a solid basis upon which to argue for the exclusion of same.

Defendants also argue that Plaintiff's third set of discovery responses should be deemed untimely because they were, according to the affidavit of Plaintiff's counsel's assistant, mailed on February 29, 2012.  *See Doc. 36* at 3-5.  My previous order requires Plaintiff to respond further to discovery "no later than February 29, 2012," and, again, according to the affidavit of Plaintiff's counsel's assistant, it appears that Plaintiff did as he was ordered to do.  I will not impose sanctions because Defendants did not receive the discovery responses until March 5, 2012.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Consolidated Second Motion to Compel Responses to Discovery and f or Sanctions (*Doc. 36*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE