IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENE MARTINEZ,

    Plaintiff,

v.                                                              CIV 11-553 JCH/KBM

DEPARTMENT OF PUBLIC SAFETY,
NEW MEXICO STATE POLICE, and
OFFICER NOE ALVARADO, in his
individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Department of Public Safety's ("the Department's"), New Mexico State Police's ("State Police's") (together, "the entity Defendants") and Officer Noe Alvarado's *Motion for Partial Summary Judgment on the Basis of Qualified Immunity Dismissing Claims Under 42 U.S.C. § 1983* (Doc. 50). In a federal civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff Rene Martinez asserts causes of action for negligence, malicious prosecution, assault, battery, wrongful arrest, and false imprisonment in connection with his arrest by Alvarado on since-dropped charges for trespass and driving while intoxicated. On the instant motion, Defendants move for summary judgment on Plaintiff's malicious prosecution, wrongful arrest, false imprisonment, and assault and battery claims. The Court, having considered the motion, briefs, exhibits, and the relevant law, and being otherwise fully informed, finds that the Defendants' motion should be granted.

## BACKGROUND[1]

This case arises out of Defendant Alvarado's arrest of Plaintiff following a motor vehicle stop in Clovis, New Mexico. On September 7, 2009, at around 11:00 p.m., Alvarado was on patrol duty in Clovis when he noticed automobile headlights shining inside Hillcrest Park, which he knew to be closed at that hour. Alvarado pulled into the parking lot of the park and discovered the headlights belonged to a black pick-up truck, which he subsequently approached. Alvarado then made contact with Plaintiff, the driver of the truck, identified himself, and explained the reason for the stop, noting that it was past Hillcrest Park's closing time.

Plaintiff gave his driver's license and vehicle information to Alvarado at the officer's request. It is undisputed that Plaintiff presented to Alvarado with red, watery eyes. Plaintiff contends that his eyes were bloodshot from crying, as he had spent much of the day in Lubbock, Texas, visiting a critically injured cousin in the hospital, and had parked his vehicle at Hillcrest Park to talk to his passenger about his cousin's situation. It is unclear whether Plaintiff shared this information with Officer Alvarado, and the police dashboard video entered into evidence fails to pick up many of Plaintiff's responses before he exited the vehicle.

Plaintiff does not specifically dispute Defendants' contention that Alvarado further detected a heavy scent of cologne inside the truck.

After taking Plaintiff's license and registration, Alvarado repeatedly asked Plaintiff if he had been drinking. Plaintiff contends that he emphatically denied drinking any alcohol.[2]

---

[1]Where the parties specifically dispute any of the facts set forth herein, the Court adopts Plaintiff's version of events for purposes of resolving the instant motion.

[2]While Defendants dispute Plaintiff's contention, and claim that Plaintiff informed Alvarado that he had consumed one drink, Alvarado's dash-cam video of the encounter appears to support Plaintiff's contention. While the microphone did not pick up Plaintiff's response to

Alvarado then asked Plaintiff to get out of his car, while continuing to inquire as to his sobriety and his activities that evening.

Alvarado then conducted eye nystagmus, walk-and-turn, and one-legged stand field sobriety tests on Plaintiff. The parties do not proffer any facts establishing how Plaintiff performed on any of these tests.

At some point during the encounter, Alvarado called a more experienced police officer to come to the scene to render an "additional opinion." (Doc. 51 at 2). It is unclear whether Alvarado was seeking a second opinion as to the interpretation of Plaintiff's field sobriety tests or as to whether or not to arrest Plaintiff. The other officer was not available.

Officer Alvarado placed Plaintiff under arrest for the offense of driving while intoxicated, handcuffed him, and transported him to the Clovis office of the State Police. Upon their arrival at the police department, Alvarado twice administered an intoxilyzer breath test to Plaintiff. Plaintiff registered a .00 blood alcohol level on both tests. Alvarado called his sergeant about Plaintiff's results, and was told to take Plaintiff for a blood draw and then book him at the county detention center. Alvarado took Plaintiff for his blood draw and charged him with trespass in violation of N.M. Stat. Ann. ("NMSA") § 30-14-01.1(B), in addition to driving under the influence of an intoxicating liquor and/or drugs, in violation of NMSA §66-8-102.

---

Alvarado's question, Alvarado's follow-up questions, which are audible, suggest that Plaintiff consistently denied that he had been drinking at the time of his arrest. *See* Doc. 51 Ex. A-3 at 23:06:37-23:06:43, 23:07:45-23:07:59). Moreover, an audible portion of the video, a few minutes further into the encounter, shows that Plaintiff told Alvarado, "Sir, I didn't drink anything. I'm telling the truth. Alright, I swear to God." *Id.*, at 23:11:05-23:11:52. Alvarado then asked Plaintiff if he had taken any "drugs at all," to which Plaintiff responded, "I don't do drugs, sir." *Id.* It is undisputed that at some point after his initial encounter with Alvarado, Plaintiff told another unidentified officer that he had one alcoholic beverage with his lunch, more than ten hours prior to his arrest.

Plaintiff was released from the county detention center the following morning, September 8, 2009, at about 8:00 a.m.

The results of Plaintiff's blood tests were not available until September 23, 2009 (Plaintiff's alcohol test) and October 20, 2009 (Plaintiff's drug test). The results revealed that Plaintiff's blood tested negative for the presence of both drugs and alcohol on the night in question.

The district attorney's office dismissed the charges against Plaintiff on November 2, 2009.

## LEGAL STANDARDS

**Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be rendered "where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 725 (10th Cir. 2006); *see also* Fed. R Civ. P. 56(c)(2). The moving party bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation and marks omitted). Once this burden has been met, "the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." *Id. See also Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir. 1993). It is not enough for the nonmoving party to "rest on mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also West v. New*

*Mexico Taxation and Rev. Dept.*, No. Civ. 09-0631, U.S. Dist. LEXIS 131626, at *42 (D.N.M., Oct. 31, 2010) ("[n]or can a party avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation") (internal quotation and marks omitted). In reviewing a motion for summary judgment, the court must "examine the factual record and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1184 (10th Cir. 2010). Its function at this stage is "not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 243.

**Qualified Immunity**

Because a successful qualified immunity defense "generally shields from liability for civil damages government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," special standards apply to the assessment of a summary judgment motion raising this defense. *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quotation omitted); *see also Hinton v. City of Elwood*, 997 F. 2d 774, 779 (10th Cir. 1993).

In analyzing a qualified immunity defense, this Court undertakes a three-part inquiry. First, the Court must determine whether the plaintiff's allegations, if true, establish a violation of the plaintiff's constitutional rights. *Gomes,* 451 F.3d at 1134. Second, if the allegations meet that standard and the analysis continues, the Court must determine "whether the law was clearly established at the time the alleged violations occurred." *Roska v. Peterson,* 328 F.3d 1230, 1247 (10th Cir. 2003). A law is deemed clearly established "if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right." *Gomes*, 451 F.3d at 1134. The Tenth Circuit has provided the additional guidance that, under

ordinary circumstances, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains," *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 516 (10th Cir. 1998), in order for a plaintiff to demonstrate that the law was clearly established.  However, in applying the first two prongs of the qualified immunity analysis, "[t]he judges of the district courts . . . [are] permitted to exercise their sound discretion in deciding which of the two prongs . . . should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

Finally, if the plaintiff shows that the law is clearly established, the third and final part of the inquiry requires the Court to consider whether, "extraordinary circumstances – such as reliance on the advice of counsel or on a statute – so prevented the official from knowing that her actions were unconstitutional that she should not be imputed with knowledge of a clearly established right."  *Gomes*, 451 F.3d at 1134 (internal quotation and marks omitted).

## DISCUSSION

**I.  Plaintiff's § 1983 claim for Malicious Prosecution**

Plaintiff asserts a federal claim against all Defendants for malicious prosecution in violation of his constitutional rights[3] pursuant to 42 U.S.C. § 1983.  To establish a claim for malicious prosecution under § 1983, a plaintiff must show "the following elements: (1) the

---

[3]Plaintiff does not specify whether the complained-of conduct allegedly violates his Fourth and/or his Fourteenth Amendment rights.  "While constitutional claims for wrongful arrest, detention, and prosecution under § 1983 are analyzed in light of analogous torts, such as false arrest and malicious prosecution, the ultimate and indispensable element of such a claim is the deprivation of a constitutional right."  *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006).

defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes,* 528 F.3d 790, 799(10th Cir. 2008) (further citations omitted). In the instant case, the "third element deals only with the probable cause determination during the institution of legal process" – in other words, with the probable cause underlying Plaintiff's arrest. *Id.* "This link supplies the necessary connection between the malicious prosecution cause of action and [Plaintiff's constitutional claim]." *Id.*

In the instant case, Defendants contend that they are entitled to summary judgment because Plaintiff cannot show the third element of federal malicious prosecution – the absence of probable cause.[4] Accordingly, the Court must determine whether fact questions exist as to whether Alvarado had probable cause to arrest Plaintiff under both the qualified immunity standard (which applies to Alvarado himself) and the usual summary judgment standard (which applies to the Department and the State Police).

**A. Officer Alvarado is Entitled to Qualified Immunity**

"In contrast to a typical motion for summary judgment, which places the burden on the moving party, when a defense of qualified immunity is raised, the plaintiff bears the burden of establishing both that (1) 'the facts taken in the light most favorable to the plaintiff show that the defendant's conduct violated a constitutional right' and (2) 'the right violated was clearly established.'" *Webb v. Padilla*, 2009 U.S. Dist. LEXIS 101489, at *51 (D.N.M. Sept. 30, 2009),

---

[4] Probable cause to arrest exists where, under the totality of the circumstances, a reasonable person would believe that an offense has been committed by the person arrested." *United States v. Martin*, 613 F.3d 1295, 1302 (10th Cir. 2010) (internal quotation marks omitted).

quoting *Poolaw v. Marcantel*, 565 F.3d 721, 728 (10th Cir. 2009). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." *Id.* (quotation and further citations omitted).

Plaintiff argues that Alvarado lacked probable cause to support his arrest for either trespass or driving while intoxicated. With regard to his trespass arrest, Plaintiff notes that pursuant to the statute under which he was charged, NMSA § 30-14-01.1(B), a trespass occurs in New Mexico law when a person "enters upon the lands of another when such lands are *posted against trespass at every roadway or apparent way of access.*" (emphasis added). Plaintiff contends that there are two ways of access to Hillcrest Park, the site of his arrest, "but only one of them has any hours of access posted." (Doc. 56 at 6). Plaintiff provides unauthenticated photographs of what appear to be front and back ways of access into the park, only one of which bears a small sign noting "Park Hours: 6:00a.m. - 10:00 p.m." *See id.* Ex. D-F. Because the City of Clovis failed to properly post the park's hours of access at every apparent way of access, Plaintiff argues, "Defendant Alvarado could have had no probable cause to arrest [Plaintiff] on that count." (Doc. 56 at 9).

Defendants respond that one of the two alleged "ways of access" into Hillcrest Park was not a way of access at all, but was in fact an exit marked by a "Do Not Enter" sign. (Doc. 58 at 6). Defendants admit that the exit does not post the park's hours of access, but contend that no posting is required at the exit. Plaintiff offers no evidence that the exit was not, in fact, an exit.

The Court finds that, under the undisputed facts in issue – which demonstrate that Alvarado discovered Plaintiff after hours in a park that was, according to a prominent posting, closed for the night – a reasonable officer in his position would have believed that Plaintiff

committed a trespass into Hillcrest Park.  While Plaintiff's counter that hours of access were not posted at every "way of access" into the park may be a defense to the offense of trespass as defined by the NMSA, it does not enter into the analysis of whether Alvarado had probable cause to arrest him in the first place.  Whether or not posting of hours was required at an exit which was marked "Do Not Enter," or whether posting of hours was required at all at an exit, may be questions to be answered in resolving the outcome of his trespass charge.  These issues do not, however, answer the question of whether an officer reasonably believed that a trespass had occurred at the time of the arrest.

Therefore, because Plaintiff cannot meet the third element of a § 1983 claim for malicious prosecution by showing that no probable cause supported his original arrest on trespass grounds, the Court finds that Alvarado is entitled to qualified immunity on Plaintiff's malicious prosecution claim.  Consequently, the Court need not reach the additional issue of whether the other count in the indictment – for driving under the influence of an intoxicating liquor and/or drugs – was also supported by probable cause.  *See Morris v. Noe*, 672 F.3d 1185, 1193 (10th Cir. 2012) ("an arrest is lawful as long as probable cause exists for *some* offense") (emphasis in the original).

**B.  The Department and the State Police Are Also Entitled to Summary Judgment**

Plaintiff's malicious prosecution claim against the entity Defendants must be analyzed under the usual summary judgment standard, which places on Defendants – as the moving parties -- the initial burden of showing the lack of a genuine factual dispute as to whether it violated her due process rights.

The Department and the State Police contend that they are entitled to summary judgment on the instant claim because Plaintiff cannot show that their employee, Officer Alvarado,

violated his constitutional rights pursuant to an official policy or custom. A plaintiff suing a state police department under § 1983 for the allegedly unconstitutional acts of one of its employees must prove: (1) that the employee committed a constitutional violation, and (2) that an official policy or custom was the moving force behind the constitutional deprivation. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). When, as here, a plaintiff alleges that a state government body is liable under § 1983 for its failure to train or supervise, "this situation falls within that category of cases in which the Supreme Court has mandated that rigorous standards of culpability and causation must be applied." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

For the reasons set forth above, the Court finds that no genuine issue of material fact exists over whether a New Mexico State Police employee – Officer Alvarado – violated Plaintiff's constitutional rights by maliciously prosecuting him. As set forth above, Defendants have proffered evidence that Plaintiff was in Hillcrest Park over one hour after the park had closed to the public, which Plaintiff does not specifically dispute. This provided Alvarado with probable cause to effect his arrest for the offense of trespass.

Accordingly, because there is no evidence in the record from which a reasonable jury could conclude that Alvarado violated Plaintiff's Fourth and/or Fourteenth Amendment right(s) to freedom from malicious prosecution, the Court need not reach the issue of whether the entity Defendants were the "moving force" behind the violation.

## II.  Plaintiff's § 1983 Claim for Wrongful Arrest

Next, Plaintiff asserts a federal claim against all Defendants for wrongful arrest pursuant to 42 U.S.C. § 1983. "To recover damages under 42 U.S.C. § 1983 for wrongful arrest, a

plaintiff must show he was arrested without probable cause." *Kee v. Ahlm*, 219 Fed. Appx. 727, 731 (10th Cir. 2007); *see also Cottrell v. Kaysville City,* 994 F.2d 730, 733 (10th Cir. 1993). Accordingly, for the same reasons set forth above with respect to Plaintiff's malicious prosecution claim, the Court finds that Officer Alvarado is entitled to qualified immunity, and that summary judgment should likewise be granted to the entity Defendants on Plaintiff's wrongful arrest claim.

### III. Plaintiff's § 1983 Claim for False Imprisonment

Third, Plaintiff asserts a §1983 claim for false imprisonment against all Defendants. Just as is the case for malicious prosecution and false arrest, an essential element of a claim for false imprisonment under § 1983 is a lack of probable cause supporting the plaintiff's arrest. *See Kerns v. Bader*, 663 F.3d 1173, 1187 (10th Cir. 2011) (noting that, while plaintiff's false arrest, false imprisonment, and malicious prosecution claims required him "to prove a variety of different elements . . . there is at least one piece of common ground"– plaintiff "must establish that his arrest and detention were without probable cause"). Accordingly, for the same reasons set forth above with respect to Plaintiff's malicious prosecution and wrongful arrest claims, the Court finds that Officer Alvarado is entitled to qualified immunity, and that summary judgment should likewise be granted to the entity Defendants on Plaintiff's false imprisonment claim.

### IV. Plaintiff's Assault and Battery Claims

It is unclear from the face of Plaintiff's Complaint – which does not number, organize, or otherwise seek to describe his causes of action, but rather lumps them together in a single-sentence paragraph – whether Plaintiff means to assert common law claims for assault and

11

battery under New Mexico State law or federal causes of action pursuant to 42 U.S.C. § 1983. *See* Doc. 1 Ex. A Cplt. ¶ 22 (noting only that Defendants' acts "constitute negligence, malicious prosecution, assault and battery, wrongful arrest and false imprisonment, a violation of 42 U.S.C. § 1983, and failure to train and adequately supervise"). Defendants interpret the language in the Complaint to suggest that Plaintiff presses federal tort claims under § 1983, as they premise the relevant section of their motion on the principle that "[w]hat differentiates a constitutional [assault and/or battery tort] from an ordinary common law tort is a 'level of executive abuse of power that shocks the conscience." (Doc. 51 at 14), quoting *Gerald v. Locksley,* 785 F.Supp.2d 1074, 1138 (D.N.M. 2011) (ellipses omitted). However, because Plaintiff's response brief does not mention, let alone defend the viability of his claims for assault and battery, the Court need not resolve the issue. Indeed, the Court considers any such claims abandoned. Accordingly, the Court finds that all Defendants should be granted summary judgment on Plaintiff's constitutional assault and battery claims, to the extent any were made.

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that Defendants' *Motion for Partial Summary Judgment on the Basis of Qualified Immunity Dismissing Claims Under 42 U.S.C. § 1983* (Doc. 50) is **GRANTED**. Accordingly, Plaintiff's sole remaining State law claim for negligence shall be remanded to the Ninth Judicial District Court for the State of New Mexico, where it was assigned case number D-0905-CV-2011-00305. An order of remand and order of final partial judgment follows.

_____
UNITED STATES DISTRICT COURT JUDGE